# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL BATEE, | ) |
| Movant, | ) |
| v. | ) No. 4:20-CV-864-ERW |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on self-represented movant Michael Batee's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive and will be denied and dismissed.

On August 16, 2007, movant was indicted on four counts: count one, kidnapping, in violation of 18 U.S.C. § 1201; count two, carjacking, in violation of 18 U.S.C. § 2119; count three, possessing and brandishing a firearm in furtherance of crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and count four, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Batee, et al.*, Case No. 4:07-CR-482-ERW-1 (E.D. Mo.). Movant proceeded to a jury trial.

At trial, the jury found movant guilty on all four counts. On June 20, 2008, the Court entered judgment upon the verdict, and movant was sentenced to a total of 444 months in federal prison. With the assistance of counsel, movant filed a timely appeal to the Eighth Circuit Court of Appeals. In his appeal, movant challenged the District Court's admission of evidence of his other criminal acts, arguing that such evidence was barred by Fed. R. Evid. 404(b). In a per curiam opinion, the Eighth Circuit held that "any error in the admission of the other-crimes evidence in

this case was harmless in light of the overwhelming evidence of Batee's guilt." *United States v. Batee*, 355 F. App'x 90, 91 (8th Cir. 2009).

Movant filed a motion to vacate his sentence on July 8, 2010 in which he sought relief under two theories: first, that the District Court erred by admitting evidence prohibited by Fed. R. Evid. 404(b); and secondly, that his defense counsel's representation at trial was ineffective. *Batee v. United States*, Case No. 4:10-CV-1239-ERW (E.D.Mo.). The Court denied and dismissed the motion to vacate on September 23, 2011. *Id.*

Movant filed the instant motion to vacate on June 25, 2020. (ECF No. 1). He alleges his conviction was unconstitutional for the reason that "18 U.S.C. [§] 1201 and 18 U.S.C. [§] 2119 are not a crime of violence that can support 924(c) conviction." (ECF No. 1 at 2).

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Movant submitted his successive § 2255 motion without the required certification. The requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises*, Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

2

Because movant has not received permission from the Court of Appeals to file this action, this Court lacks jurisdiction to entertain the motion. Therefore, the motion is denied, and this action is dismissed without prejudice. Movant will not be prejudiced by the dismissal of this action. The Court will hear his successive petition if and only if the Court of Appeals authorizes its filing.

Accordingly,

**IT IS HEREBY ORDERED** that movant Michael Batee's motion to vacate, set aside or correct sentence [ECF No. 1] is **DENIED AND DISMISSED as SUCCESSIVE**.

**IT IS FURTHER ORDERED** that movant Michael Batee's motion for extension [ECF No. 2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will be filed separately.

Dated this 14th day of July, 2020.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE