## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

MICHAEL BATEE,            )
                      )
         Movant,         )
                      )
       v.               )        No. 4:20-CV-864-ERW
                      )
UNITED STATES OF AMERICA,   )
                      )
         Respondent.     )

## <u>MEMORANDUM AND ORDER</u>

This closed matter is before the Court upon a filing by self-represented movant Michael Batee titled "Motion 28 U.S.C. § 1631." For the following reasons, the Court will transfer this action to the Court of Appeals for the Eighth Circuit.

On August 16, 2007, movant was indicted on four counts: count one, kidnapping, in violation of 18 U.S.C. § 1201; count two, carjacking, in violation of 18 U.S.C. § 2119; count three, possessing and brandishing a firearm in furtherance of crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and count four, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Batee, et al.*, Case No. 4:07-CR-482-ERW-1 (E.D. Mo.).  Movant proceeded to a jury trial.

At trial, the jury found movant guilty on all four counts.  On June 20, 2008, the Court entered judgment upon the verdict, and movant was sentenced to a total of 444 months in federal prison.  With the assistance of counsel, movant filed a timely appeal to the Eighth Circuit Court of Appeals.  In his appeal, movant challenged the District Court's admission of evidence of his other criminal acts, arguing that such evidence was barred by Fed. R. Evid. 404(b).  In a per curiam opinion, the Eighth Circuit held that "any error in the admission of the other-crimes evidence in

this case was harmless in light of the overwhelming evidence of Batee's guilt." *United States v. Batee*, 355 F. App'x 90, 91 (8th Cir. 2009).

On July 8, 2010, movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in which he sought relief under two theories: first, that the District Court erred by admitting evidence prohibited by Fed. R. Evid. 404(b); and secondly, that his defense counsel's representation at trial was ineffective. *Batee v. United States*, Case No. 4:10-CV-1239-ERW (E.D.Mo.). The Court denied and dismissed the motion to vacate on September 23, 2011. *Id.*

On June 25, 2020, movant filed a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in which he alleged his conviction was unconstitutional for the reason that "18 U.S.C. [§] 1201 and 18 U.S.C. [§] 2119 are not a crime of violence that can support 924(c) conviction." ECF No. 1 at 2. Because movant had not received permission from the Court of Appeals to file his successive motion, as required by under 28 U.S.C. § 2255(h), this Court denied the motion and dismissed the action without prejudice for lack of jurisdiction. ECF No. 3 (*citing Burton v. Stewart*, 127 S. Ct. 793, 796 (2007) (the requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional). The Court informed movant that it would hear his successive petition if and only if the Court of Appeals authorizes its filing. *Id.*

On August 24, 2020, movant filed the instant motion in this closed matter "asking the Circuit Court . . . for permission to file a second or successive motion for new discovery and new rule of constitutional law." ECF No. 5 at 1. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because movant appears to be

2

seeking permission from the United States Court of Appeals for the Eighth Circuit to file his successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, the Court will transfer the petition to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.  *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Coleman v. United States*, 106 F.3d 339 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).  A "court shall, if it is in the interest of justice, transfer such action . . . to any other court in which the action . . . could have been brought at the time it was filed."  *Liriano*, 95 F.3d at 122 (*quoting* 28 U.S.C. § 1631).  "Once the case is transferred, the Court of Appeals would then consider whether the second or successive petition meets the statutory requirements for consideration by the district court."  *Parker v. Bowersox*, No. 407-CV-752 CAS, 2007 WL 1240296, at *1 (E.D. Mo. Apr. 27, 2007) (*citing Liriano*, 95 F.3d at 122-23).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to transfer his successive 28 U.S.C. § 2255 petition is **GRANTED**. [ECF No. 5].

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

Dated this 9th day of September, 2020.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

3